IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY QUINTIN KELLY, #352736       *
    Petitioner,
  v.                                  *   CIVIL ACTION NO. RDB-17-2066

WARDEN FRANK B. BISHOP, JR.          *
JOHN MCCARTHY, *State's Attorney*
ATTORNEY GENERAL OF MARYLAND         *
    Respondents.
                        *****

**MEMORANDUM**

I. **Procedural History**

A brief overview of Petitioner Anthony Quinten Kelly's ("Kelly") writ history in the Court is necessary. On August 14, 2009, Kelly filed a 28 U.S.C. § 2254 "Emergency" Petition for habeas corpus relief raising a direct attack on his 2008 convictions on murder, rape, and other related offenses arising out of three separate trials in the Circuit Court for Montgomery County.[1] *See Kelly v. Shearin, et al.*, Civil Action No. AW-09-2241 (D. Md.). The matter was fully briefed and on November 19, 2009, the Petition was dismissed without prejudice for the failure to exhaust state court remedies as to all three convictions. Certificates of appealability and the appeals which followed were denied.

On January 28, 2011, the Court received three Petitions for writ of habeas corpus representing Kelly's attempt to re-file a 28 U.S.C. § 2254 attack on his three 2008 convictions.

---

[1] *See State v. Kelly*, Criminal No. 96433C, *State v. Kelly*, Criminal No. 97749C, and *State v. Kelly*, Criminal No. 97760C (Circuit Court for Montgomery Cty.)

*See Kelly v. Shearin, et al.*, Civil Action Nos. AW-11-262, AW-11-263 & AW-11-264. The cases were consolidated and, after briefing, the Petitions were dismissed without prejudice for non-exhaustion of remedies. Certificates of appealability were denied. The Fourth Circuit subsequently denied certificates of appealability and dismissed the appeal.

On July 21, 2017,[2] the Court received the above-captioned case, representing Anthony Kelly's ("Kelly") most recent 28 U.S.C. § 2254 attack on one of his three 2008 convictions in the Circuit Court for Montgomery County.3 The instant case attacks Kelly's convictions on first-degree rape, first-degree assault and use of a handgun in the commission of a felony or crime of violence in *State v. Kelly,* Case No. 96433. As best determined by the Court, the Petition sets out the following grounds:

  I.   Kelly was convicted on the basis of an unconstitutionally suggestive identification;

  II.  Evidence used to convict Kelly was obtained through an illegal search and seizure; and

  III. The State unconscionably delayed in bringing Kelly to trial.

ECF No. 1, pp. 3-7.

---

[2] The petition is dated July 14, 2017, and shall be deemed filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 270-76 (1988) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison mailbox" rule.)

[3] With the retirement of Judge Alexander Williams, Jr. in January of 2014, Kelly's cases were assigned to the undersigned judge.

In their Answer Respondents argue that the Petition is subject to dismissal because the ground are unexhausted and/or time-barred. ECF No. 9. Kelly has filed a Traverse[4] (ECF No. 10), along with a number of letters,[5] and several "Emergency" Motions seeking Speedy Ruling, Release, Partial Judgment under Rule 54, and an Evidentiary Hearing, along with a Motion for Reassignment of the Case to a Different Judge, all filed after Respondents' Answer. ECF Nos. 12-16. For reasons to follow, Kelly's Motions shall be denied and the Petition shall be DISMISSED as time-barred.

## II. Motion for Reassignment

The undersigned observes that Kelly's previous federal habeas corpus cases were assigned to Judge Alexander Williams, Jr., who issued dispositive Memoranda and Orders, and Kelly's cases were assigned to the undersigned judge after Judge Williams' 2014 retirement. Kelly requests that the case be reassigned to a different judge. He claims that the undersigned "has a strong personal interest" in this case and has "substantial difficulty putting out of his mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected." ECF No. 16, p. 2. He questions the court's competency and impartiality. *Id.*

Kelly's Motion, construed as a motion for recusal, shall be denied. To be disqualifying, the alleged bias or prejudice must stem from an extrajudicial source. *See United States v.*

---

[4] The legal definition of a Traverse is "the formal denial of a fact in the opposite party's pleading." *See* https://legal-dictionary.thefreedictionary.com/traverse. Kelly's Traverse may be viewed as a reply to Respondents' Answer.

[5] The letters request an update regarding the status of the case, a docket sheet and copy work, as well as an inquiry on the evidentiary hearing and the reassignment of the case to another judge, the grounds for argument at Kelly's "upcoming" evidentiary hearing, and the alleged activities of the Warden at the North Branch Correctional Institution. ECF Nos. 11 & 17-25.

*Grinnell Corp.*, 384 U.S. 563, 583 (1966); In other words, it must arise from "events, proceedings, or experiences outside the courtroom." *Sales v. Grant*, 158 F.3d 768, 781 (4th Cir. 1998). Therefore, on their own, judicial rulings "almost never constitute a valid basis for a bias or partiality motion." *United States v. Lentz*, 524 F.3d 501, 530 (4th Cir. 2008) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994) (internal quotation marks omitted); *see also* Moreover, opinions formed by the judge during the current proceeding, or a prior one, do not generally warrant recusal. *Belue v. Leventhal*, 640 F.3d 567, 573 (4th Cir. 2011). A judge is neither required to recuse himself "simply because of unsupported, irrational or highly tenuous speculation," nor "simply because [he] possesses some tangential relationship to the proceedings." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (internal citation omitted).

Finally, the judge against whom the affidavit of bias is filed may rule on its legal sufficiency. *See Marty's Floor Covering Co., Inc. v. GAF Corp.*, 604 F.2d 266, 268 (4th Cir. 1979) (internal citation omitted). The affidavit shall be construed "strictly against the movant to prevent abuse." *United States v. Miller*, 355 F.Supp.2d 404, 405 (D. D.C. 2005). Kelly has failed to present an affidavit which points to an extra-judicial source of alleged bias. He has not articulated a claim that demonstrates a need for recusal.

### III. State Court Record

The record presented to the Court shows that in May of 2003, Kelly was charged in the Circuit Court for Montgomery County with first-degree rape, first-degree assault, and use of a handgun in the commission of a felony or crime of violence in *State v. Kelly*, Case No. 96433C.

At the conclusion of pre-trial proceedings, on June 3, 2004, Kelly was declared incompetent to stand trial. ECF No. 9-1, p. 53. At a subsequent competency hearing, commencing on January 31, 2008, Circuit Court Judge Durke G. Thompson determined that Kelly was competent to stand trial. *Id.*, p. 72. On June 11, 2008, a jury found Kelly guilty of first-degree rape, first-degree assault, and use of a handgun in the commission of a felony or crime of violence. On September 8, 2008, Judge Thompson sentenced Kelly to a life term on the first–degree rape conviction and a consecutive twenty-year term on the handgun offense. by Judge Thompson. *Id.*, pp. 98 & 103.

Kelly noted an appeal to the Court of Special Appeals of Maryland. ECF No. 9-1, p. 104. The appeal was dismissed on grounds of non-compliance with the rules of appellate procedure. Kelly's petition for writ of certiorari was denied by the Court of Appeals of Maryland on July 22, 2009. *Id.*, p. 107. According to Respondents, Kelly's reconsideration request was denied by the Court of Special Appeals on or about August 31, 2009. *Id.* Respondents argue that Kelly's conviction became final for direct review purposes on October 19, 2009. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (holding state judgment becomes final for habeas purposes when the time expires for filing a petition for writ of certiorari to the Supreme Court or ninety days following the decision of the state's highest court).

Respondents maintain that on March 18, 2010, Kelly filed a petition for post-conviction relief, which was withdrawn by Circuit Court Judge John Debelius, III at Kelly's request on April 14, 2010. *Id.*, pp. 108-109. Kelly has not further pursued post-conviction relief in *State v. Kelly*, Case No. 96433C, but did submit a motion to correct an illegal sentence on April 14, 2017, which was denied by Circuit Court Judge Ronald B. Rubin on May 4, 2017. *Id.*, pp. 120-

121. Finally, Kelly filed another application for issuance of a writ of habeas corpus on May 10, 2017. It was denied by Judge Rubin on May 18, 2017. *Id.*, p. 121 A recent review of the state court docket shows that Kelly has filed no further post-conviction motions seeking to vacate his convictions and sentences. See *State v. Kelly*, Case No. 96433C (Circuit Court for Montgomery Cty.). *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis? (last reviewed April 11, 2018).

In his Traverse, Kelly contends that his custody is unconstitutional. He further alleges the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) "arguably don't apply." ECF No. 10, p. 2 He later states that the AEDPA controls the disposition of this case, but the State court decisions were contrary to and resulted from an unreasonable determination of clearly established law. *Id.*, pp. 1-3. Kelly appears to allege that this Court did not notify him of the "stay and abeyance procedure" related to unexhausted claims and this Court is obligated to look beyond a "state procedural forfeiture" and to consider a State prisoner's contention that his constitutional rights have been violated. *Id.*, p. 2.

## IV. Limitations Period

Respondents argue that the Petition is time-barred. A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in state court. *See* 28 U.S.C. § 2244(d). Section 2244(d) provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

6

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Kelly's conviction became final for direct appeal purposes on October 19, 2009, when the time for filing his petition for writ of certiorari with the U.S. Supreme Court expired. The one-year limitations period began to run on October 20, 2009. Even assuming that Kelly's March 18, 2010 filing of a post-conviction petition tolled the limitation period, the one-year limitation clock started to run again on April 14, 2010, when Judge Debelius granted Kelly's motion to withdraw the post-conviction petition. Consequently, well over one year expired where Kelly had no proceedings in state court that would have tolled the limitation period.[6]

---

[6] In November of 2009 and 2011, the Court previously advised Kelly of the need to exhaust his remedies in state court by post-conviction petition. See *Kelly v. Shearin, et al.*, Civil Action No. AW-09-2241 and *Kelly v. Shearin, et al.*, Civil Action No. AW-11-262, *et seq.* While Kelly did file a post-conviction petition in 2010, it only remained pending for 27 days. Kelly's subsequent filing of a

It is true that under certain circumstances the AEDPA's statute of limitations may be subject to equitable tolling. *See, e.g., Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *United States v. Prescott*, 221 F.3d 686, 687-88 (4th Cir. 2000); *see also Wall v. Kholi*, 562 U.S. 545, 549 (2011). The Fourth Circuit has consistently held that a party seeking to avail himself of equitable tolling must show that (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) prevented him from filing on time. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*). Further, to be entitled to equitable tolling a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010), citing *Pace v. DiGulielmo*, 544 U.S. 408, 418 (2005). If "the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). Kelly raises no grounds for equitable tolling. His petition for habeas corpus relief is time-barred under 28 U.S.C. § 2244(d)(1)(A)-(D) and shall be dismissed and denied with prejudice.

## V. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the

---

motion to correct a illegal sentence and petition for habeas corpus relief in 2017 does not protect him from the limitations' bar.

applicant" in such cases, Because the accompanying Order is a final order adverse to the applicant, 28 U.S.C. § 2253(c)(1) requires issuance of a Certificate of Appealability before an appeal can proceed.

A Certificate of Appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling," *Id.* at 478; *see also Buck v. Davis*, ___ U.S. ___, 137 S. Ct. 759, 773-74 (2017). .

Kelly's claims are dismissed on procedural grounds, and, upon review of the record, this Court finds that he has not made the requisite showing. The Court therefore declines to issue a Certificate of Appealability. Kelly may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a Certificate of Appealability after the district court declined to issue one).

## VI. Conclusion

For the foregoing reasons, the Court dismisses the Petition for Writ of Habeas Corpus

with prejudice as time-barred[7] and declines to issue a Certificate of Appealability.[8] A separate Order shall issue.

Date: April 12, 2018

/s/ Richard D. Bennett
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[7] Given the untimeliness of the Petition, the court need not address Respondents' non-exhaustion argument.

[8] In light of the decision to dismiss the Petition as time-barred, Kelly's "Emergency" Motions for a Speedy Ruling, Release, Partial Judgment, and Evidentiary Hearing (ECF Nos. 12-15) shall be denied.